IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG 10 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LUIS FELIPE LOPEZ-ROJAS,<br><br>Defendant/Movant. | Cause No. CR 16-53-BLG-SPW<br>CV 18-22-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Luis Felipe Lopez-Rojas's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Lopez is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has consulted the court reporter's rough-draft transcript of the sentencing hearing held on March 1, 2017. The United States will be required to order the transcript for the file and for Lopez. *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Lopez was charged with one count of conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). If convicted of either count, Lopez faced a statutory mandatory minimum sentence of 120 months. Lopez retained attorney Jack Sands for his defense. *See* 21 U.S.C. § 841(b)(1)(A)(viii); Superseding Indictment (Doc. 28) at 2-3; Notice (Doc. 25).

On October 12, 2016, the parties filed a plea agreement. Lopez agreed to plead guilty to Count 2 of the superseding indictment, and the United States agreed to dismiss the indictment and Count 1 of the superseding indictment. Lopez admitted he possessed 500 or more grams of a substance containing

methamphetamine with the intent to distribute it. *See* Plea Agreement (Doc. 74) at 2 ¶ 2, 3 ¶ 4.

On October 13, 2016, a change of plea hearing was held. Lopez's counsel pointed out that he intended to address relief under the safety valve at the time of sentencing. Lopez pled guilty in open court. Sentencing was set for February 2, 2017. *See* Minutes (Doc. 80); Orders (Docs. 93, 112); *see also* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

When the sentencing hearing convened on February 2, 2017, Lopez had not debriefed with law enforcement officers. The parties agreed to continue the hearing, and sentencing was reset for March 1, 2017. *See* Minutes (Doc. 114); Order (Doc. 115).

Despite the continuance, Lopez still had not been interviewed when sentencing reconvened on March 1. Detective Schillinger of the Billings Police Department testified, as did Lopez. The Court found Lopez did not qualify for the safety valve. The presentence report was adopted without change. The advisory guideline range was 135 to 168 months. Lopez was sentenced to serve 135 months in prison, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 128); Am. Judgment (Doc. 133) at 2-3; Am. Statement of Reasons (Doc. 134) at 1 §§ I, III.

Lopez did not appeal. His conviction became final on March 15, 2017. *See*

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on February 9, 2018. *See* 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Lopez's § 2255 motion sets forth many points of law, but his claims are brief. *See* Mot. § 2255 (Doc. 192) at 9-12.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Lopez must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### A. Safety Valve

Lopez claims counsel unreasonably failed to appeal the Court's ruling that he did not qualify for relief under the safety valve. *See* Mot. § 2255 (Doc. 192) at 9, 11; *see also* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Lopez waived his right to appeal the sentence, but only "if the defendant has no objection to the calculation of the guidelines." Plea Agreement (Doc. 74) at 6 ¶ 8.

Although counsel could have appealed, it was not unreasonable for him to

forego appeal. The reason Lopez had not been interviewed was fully explored at the sentencing hearing on March 1, 2017. As the testimony showed, the United States sent Lopez's counsel a list of questions investigators wanted to ask Lopez. Counsel responded by attempting to restrict the scope of questions that could be asked. Detective Schillinger explained why he believed Lopez had more information than he claimed. Lopez also testified. The Court specifically found that Lopez's claim to have been given a large quantity of methamphetamine to bring to Montana on one occasion was not credible. That being so, Lopez could have prevailed on appeal only by showing the finding as to Lopez's credibility was clearly erroneous. *See* 18 U.S.C. § 3742(e); *see also, e.g., United States v. Matos*, 328 F.3d 34, 39-42 (1st Cir. 2003). That high standard was not likely to be met.

Lopez did not qualify for the safety valve because he did not "truthfully provide[] to the Government all information and evidence [he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme of plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5) (Nov. 1, 2016). Lopez's conduct was like that of a defendant who "agree[s] to a proffer but refuse[s] to answer questions or answer[s] them evasively, even though the Government believes (or knows) that the defendant's involvement in the criminal conduct was more extensive than the proffer suggests." This conduct does "not provide the Government with a truthful, complete disclosure." *United States v.*

5

*Mejia-Pimental*, 477 F.3d 1100, 1106 (9th Cir. 2007). "The intent of Congress would be thwarted if defendants could obtain the benefit of the safety valve yet not disclose their true role." *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997). It was not unreasonable for counsel to fail to pursue an appeal when there was no realistic possibility—much less a reasonable probability—an appeal would have succeeded. This claim is denied.

**B. Minor Role**

Lopez contends that counsel did not argue "aggressively" for a minor role reduction. He claims the record shows "he only transported the drugs," "did not handle the money in this transaction," and "[d]id not transport the drugs to the ultimate users." Mot. § 2255 at 9; *see also id.* at 11.

Counsel sought the reduction. He stated that Lopez:

> only transported the drugs. He did not handle the money for this transaction, did not sell or buy the drugs, did not supervise anyone in their distribution or purchase, never located or arranged for buyers or sellers, did not determine the amount to be transported, and did not distribute the drugs to ultimate users. He simply picked up the drugs in California at a location chosen by a contact and was to deliver them to an address in Billings.

Presentence Addendum at 2.

The Court heard counsel's argument and took evidence from Schillinger and Lopez. It was not persuaded that Lopez's role was minor. That is not enough to demonstrate that counsel's performance was unreasonable or that Lopez was

6

prejudiced by it, and Lopez's § 2255 motion adds nothing to alter the previous balance of the evidence. This claim is denied.

### C. "Passenger Defense"

Lopez asserts that counsel should have investigated "the passenger defense." He does not explain what he means by this. For what it may be worth, when Lopez's vehicle was stopped, he was driving. He also asserts that counsel "fail[ed] to fully investigate the depth of his co-defendants' hearsay testimony calculated to minimize their respective roles in the case, and to mitigate their own involvement." He seems to conclude that counsel erred in advising him to plead guilty. *See* Mot. § 2255 at 9-10.

The Court was aware that some of the evidence was hearsay and that co-conspirators were motivated to minimize their own responsibility, even if that meant dishonestly inflating Lopez's responsibility. That is the case at virtually every sentencing hearing.

Lopez's allegations do not support an inference that counsel did anything unreasonable or that Lopez was prejudiced as a result. This claim is denied.

### D. Constructive Denial of Counsel

Lopez claims counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." Mot § 2255 at 10 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). This claim lacks merit. Counsel's

7

performance was not unreasonable and did not cause prejudice to Lopez. Nor did he fail to perform at all. He cross-examined the detective and represented Lopez's positions and interests. That is no basis for an assertion that he failed so miserably that Lopez should not be required to meet the elements of the *Strickland* test. This claim is denied.

### E. Empirical Basis of Methamphetamine Guidelines

Lopez claims the offense levels corresponding to quantities of methamphetamine are not based on empirical data, are too high, and should have been given little weight at sentencing. *See* Mot. § 2255 at 12. Judges who articulate a policy disagreement with the Guidelines may impose sentences that vary from the advisory guidelines. *See, e.g., Spears v. United States*, 555 U.S. 261, 263-67 (2009) (per curiam); *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007).

But counsel's failure even to attempt to persuade the Court to adopt a categorical policy disagreement with the methamphetamine guidelines could not be unreasonable, because only a few judges in the nation have taken that position. *See, e.g., United States v. Hayes*, 948 F. Supp. 2d 1009, 1015-17 (N.D. Iowa 2013), *cited in* Mot. § 2255 at 12. For the same reason, it is not reasonably probable that counsel would have succeeded had he tried the argument Lopez now proposes. Neither prong of the *Strickland* test is met. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Lopez's claims meets even the relatively low threshold required for a COA. He does not identify any respect in which counsel's performance was unreasonable. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. He failed to qualify for the safety valve because he wanted to condition his debriefing on agents' agreement with his own definition of the scope of his offense. But there was evidence that Lopez knew more than he was willing to tell. The evidence did not support a minor role adjustment, Lopez has not explained why counsel should have pursued a "passenger defense," and there is no reason to apply the rule of *Cronic* rather than *Strickland*. Finally, although counsel did not even attempt to persuade the

Court to register a policy disagreement with the methamphetamine guidelines, Lopez has not alleged any fact that would make counsel's performance unreasonable or that would support an inference the Court was reasonably likely to go along with him.

Reasonable jurists would find no room to disagree with the denial of Lopez's claims. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing, held on March 1, 2017, is required to decide an issue presented by Lopez-Rojas. The United States shall immediately order the transcript for the Court's file, with a copy to be delivered to Lopez's last known mailing address: Luis Felipe Lopez-Rojas, BOP # 16301-046, FCI La Tuna, Federal Correctional Institution, P.O. Box 3000, Anthony, TX 88021.

2. Lopez-Rojas's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 192) is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Lopez-Rojas files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-22-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Lopez-Rojas.

DATED this 10th day of August, 2018.

Susan P. Watters
United States District Court